IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:13-CR-286-GBL |
| | ) | |
| QUINTAVIS DEONTE DUMAS | ) | Trial: September 4, 2013 |
| a.k.a. "Tay," and | ) | |
| | ) | Hon. Gerald Bruce Lee |
| KOYA TIFFANY ROOKE, | ) | |
| a.k.a. "KK," | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS WITH CITATIONS

The United States of America, by and through its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Michael J. Frank, Assistant United States Attorney, and C. Alexandria Bogle, Special Assistant United States Attorney, respectfully requests that this Court include in its charge to the Jury the following general instructions, primarily derived from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (6th ed. 2008) and other sources, and such other instructions as may become appropriate during the course of the trial.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: /s/
Michael J. Frank
Assistant U.S. Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 2231
(703) 299-3700

# INDEX

**REQUEST**

**INTRODUCTORY INSTRUCTIONS**

A. Burden of Proof—Reasonable Doubt

B. Section 12.11: Verdict as to Defendant Only

**SUBSTANTIVE INSTRUCTIONS**

**Count 1: Child Exploitation Enterprise (18 U.S.C. § 2252A(g))**

C. The Nature of the Offense Charged—Count One

D. Essential Elements of the Offense Charged—Count One

E. Disjunctive Proof —Explained

F. "In Concert" Defined—Count One

**Count 6: Interstate Transportation for Purposes of Prostitution (18 U.S.C. § 2423)**

G. Knowledge of the Victim's Age Not Required—Count Six

H. Section 31.10: Responsibility for Substantive Offenses

**GOVERNMENT'S PROPOSED JURY INSTRUCTION A**

**Burden of Proof-Reasonable Doubt**

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate"—with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit.

(1 Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instruction, § 12.10 (4th ed. 1992); Victor v. Nebraska, 511 U.S. 1 (1994); United States v. Guay, 108 F.3d 545, 550 (4th Cir. 1997); United States v. Oriakhi, 57 F.3d 1290, 1300-01 (4th Cir. 1995); United States v. Reives, 15 F.3d. 42 (4th Cir. 1994).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION B**

**Verdict as to Defendant Only**

You are here to determine whether the government has proven the guilt of each defendant for the charges in the indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant in question for the crimes charged in the indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find the defendant in question not guilty.

(1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.11 (6th ed. 2008).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION C**

**The Nature of the Offense Charged—Count One**

Count One of the Indictment charges that between May 1, 2012 and December 20, 2012, in the Eastern District of Virginia and elsewhere, the defendants, QUINTAVIS DEONTE DUMAS, also known as "Tay," and KOYA TIFFANY ROOKE, also known as "KK," did knowingly engage in a Child Exploitation Enterprise, and did knowingly violate Section 1591(a) of Title 18 of the United States Code with respect to minor victims, as part of a series of felony violations constituting at least three separate incidents and involving more than one victim, and committed this series of felony violations in concern with each other and at least three persons besides the defendant in question.

*Manner and Means of the Enterprise*

The purpose of the Child Exploitation Enterprise was to obtain money for, and preserve the financial resources of, defendants QUINTAVIS DEONTE DUMAS and KOYA TIFFANY ROOKE, and Edwin Barcus, Jr., Joshua Dumas, "Dread," and "Hollywood."

Various members of the Enterprise recruited girls and women to prostitute for the Enterprise.

The Enterprise obtained commercial sex customers for the girls and women by posting advertisements on an Internet site known as www.Backpage.com, among other sites. Sex customers would then respond to the advertisements via telephone and were directed to the various motels, hotels, and other locations where the commercial sex acts took place.

*Overt Acts*

During and in furtherance of this Child Exploitation Enterprise and to effect the objects thereof, the defendants and other members of the Enterprise knowingly performed and caused to

be performed overt acts in the Eastern District of Virginia and elsewhere. These acts included the following:

a. on numerous occasions, defendant KOYA TIFFANY ROOKE would rent automobiles to be used to transport members of the Enterprise and the girls and women whom the Enterprise prostituted, including to transport them interstate;

b. on numerous occasions, defendants QUINTAVIS DEONTE DUMAS and KOYA TIFFANY ROOKE transported various victims and other women prostituted by the Enterprise to and from the hotels and motels where the Enterprise harbored the victims and caused them to engage in commercial sex acts; this transportation included transportation between various states of the United States;

c. on numerous occasions, defendants QUINTAVIS DEONTE DUMAS and KOYA TIFFANY ROOKE transported Edwin Barcus, Jr. and Joshua Dumas to various places where the Enterprise was prostituting girls and women;

d. on numerous occasions, defendant QUINTAVIS DEONTE DUMAS and defendant KOYA TIFFANY ROOKE rented motel and hotel rooms that were used to harbor the victims and were used as a place where the victims would perform commercial sex acts with customers;

e. defendant QUINTAVIS DEONTE DUMAS provided advice to Edwin Barcus, Jr. regarding the operation of the Enterprise;

f. on numerous occasions, defendant QUINTAVIS DEONTE DUMAS carried a pistol that was used by defendant QUINTAVIS DEONTE DUMAS and other members of this Enterprise for the security of the other members of the Enterprise and the profits that the Enterprise earned;

g. on numerous occasions, defendant KOYA TIFFANY ROOKE allowed other members of the Enterprise to use her laptop computer to post advertisements on Internet sites in an attempt to obtain commercial sex customers for the victims and other women and girls prostituted by the conspiracy;

h. on numerous occasions, Edwin Barcus, Jr. instructed and required girls and women prostituted by the Enterprise to consume a drug known as "Molly;"

i. on or about December 14, 2012, at the request of Edwin Barcus, Jr., defendant KOYA TIFFANY ROOKE posted a bond in Fairfax County, Virginia, for the release of DL, a woman who had been prostituted by the Enterprise in Virginia;

j. on various occasions, defendant KOYA TIFFANY ROOKE instructed girls and women prostituted by the Enterprise about the rules to be followed and explaining to them how to obtain customers and how to engage in prostitution;

k. in and around October 2012, defendants QUINTAVIS DEONTE DUMAS and KOYA TIFFANY ROOKE traveled with Edwin Barcus, Jr. from Georgia to the area around Nashville, Tennessee to retrieve DF from another pimp who was then prostituting her; defendant QUINTAVIS DEONTE DUMAS accompanied Edwin Barcus, Jr. to confront the pimp and take DF from this other pimp.

(All in violation of Title 18, United States Code, Section 2252A(g).)

**GOVERNMENT'S PROPOSED JURY INSTRUCTION D**

**The Essential Elements of the Offense Charged—Count One**

In order to sustain its burden of proof for the crime of engaging in a Child Exploitation Enterprise, as described in the indictment, the government must prove the following five essential elements beyond a reasonable doubt:

One: The defendant in question knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person under the age of 18 years, as described in the indictment;

Two: The defendant in question did so knowing or in reckless disregard of the fact that an alleged victim had not attained the age of eighteen years and would be caused to engage in a commercial sex act;

Three: These acts were in or affected interstate commerce;

Four: The defendant committed these acts as part of a series of felony violations constituting three or more separate incidents involving more than one victim; and

Five: The defendant in question committed those offenses in concert with three or more persons.

(Eleventh Circuit Pattern Jury Instructions, Criminal Cases, No. 63 (2010) (listing the elements of 18 U.S.C. § 1591); United States v. Cuff, ___ F. App'x ___, 2013 WL 4029278, at *2 (5th Cir. Aug. 9, 2013) (listing the elements of Section 2252A(g)); United States v. Garcia-Gonzalez, 714 F.3d 306, 312 (5th Cir. 2013) (approving a jury instruction listing the three elements of Section 1591(a)(1)); United States v. Daniels, 653 F.3d 399, 411 (6th Cir. 2011) (listing the elements of Section 2252A(g)); United States v. Brooks, 610 F.3d 1186, 1196-97 (9th Cir. 2010); United States v. Elbert, 561 F.3d 771, 777 (8th Cir. 2009) ("the government was only required to prove Elbert knowingly recruited, enticed, harbored, transported, provided, or obtained a minor, knowing the minor would be caused to engage in commercial sex acts"); United States v. Shamsud-Din, 2011 WL 5118840, at *1 (N.D. Ill. Oct. 27, 2011) ("In order to establish a violation of Section 1591(a), the government must prove that Defendant recruited, enticed, harbored,

transported, provided, obtained, or maintained Victim A, knowing or recklessly disregarding the fact that Victim A was a minor under the age of 18 and would be caused to engage in a commercial sex act. The offense must also affect interstate commerce.").)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION E

### Proof May Be Disjunctive—Counts One - Six

Although the indictment charges the defendants with committing an offense in several ways, using conjunctive language (i.e., "and"), it is sufficient if the government proves the offense in the disjunctive (i.e., "or"), that is to say, the jury may convict on a unanimous finding of any of the elements of a conjunctively charged offense. Therefore, I instruct you that it is not necessary for the government to prove that the defendant did each of those things named in that particular count of the indictment. It is sufficient if the government proves beyond a reasonable doubt that the defendant did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed.

(Adapted from Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, Instruction No. 14.4; United States v. McGinnis, 783 F.2d 755, 757 (8th Cir. 1986); United States v. Webb, 747 F.2d 278, 282 (5th Cir. 1985).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION F

## "In Concert" Defined—Count One

The phrase "in concert with three or more other persons" means some type of agreement or joint action, whether direct or indirect, with at least three other person who were involved in the sex trafficking of persons under the age of 18 years. This includes not only those who personally engaged in the act or acts constituting the crime, but also those who agree to assist in accomplishing the crime.

The phrase "in concert with three or more other persons" does not require proof from the government that the "three or more other persons" actually had contact with each other, or knew each other, or committed each violation together, or operated together continuously at the same time. The government is not required to prove that the defendant in question managed, supervised, or organized these three or more persons at the same time or separately.

The government must prove beyond a reasonable doubt, however, that the defendant in question and at least three or more other persons were part of an agreement or joint action to commit the continuing series of sex trafficking crimes alleged in Count One of the indictment.

(2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 66.06 (6th ed. 2010) (modified); Rutledge v. United States, 517 U.S. 292, 300 (1996); Voelker v. Kramer, 2011 WL 4533834, at *15 (N.D. Cal. Sept. 30, 2011); Kumar v. Yates, 201 WL 2295030, at *17 (E.D. Calif. June 8, 2011).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION G

### Knowledge of the Victim's Age Not Required—Count Six

To prove the essential elements of Count Six, the government does not have to prove that the defendant knew that DF was less than eighteen years of age.

(United States v. Jones, 471 F.3d 535, 539-40 (4th Cir. 2006) (holding that Section 2423(a) does not require the government to prove that the defendant knew the victim's age); see United States v. Daniels, 653 F.3d 399, 410 (6th Cir. 2011) (holding that the district court correctly instructed the jury that the government did not have to prove that the defendant knew the victim was less than eighteen years of age); (United States v. Cox, 577 F.3d 833, 838 (7th Cir. 2009) (holding that 18 U.S.C. § 2423(a)does not require the Government prove that the Defendant knew that the victim was under the age of eighteen); United States v. Griffith, 284 F.3d 338, 350-51 (2d Cir. 2002) (holding that the district court correctly instructed the jury that the government was not required to prove that the defendant knew that the person transported was under eighteen years of age); United States v. Taylor, 239 F.3d 994, 997 (9th Cir. 2001) (ignorance of the victim's age is not a defense to a violation of Section 2423(a)).)

## GOVERNMENT'S PROPOSED JURY INSTRUCTION H

### Responsibility for Substantive Offense

A member of an enterprise who commits another crime during the existence or life of the enterprise and commits this other crime in order to further or somehow advance the goal(s) or objective(s) of the enterprise may be considered by you to be acting as the agent of the other members of the enterprise. The illegal actions of this member of the enterprise in committing this other crime may be attributed to other individuals who are then members of the enterprise. Under certain conditions, therefore, a defendant may be found guilty of this other crime even though he or she did not participate directly in the acts constituting that offense.

If you find that the government has proven the defendant in question guilty of engaging in a Child Exploitation Enterprise as charged in Count One of the indictment, beyond a reasonable doubt, you may also find the defendant in question guilty of the crime alleged in any other count of the indictment in which he or she is charged, provided you find that the essential elements of that count as defined in these instructions have been established beyond reasonable doubt and, provided further, that you also find beyond reasonable doubt, that:

One: The offenses of Sex Trafficking of a Child as described in Counts Two, Three, Four, and Five of the indictment, respectively, or the crime of Interstate Transportation for purposes of prostitution, as charged in Count Six of the indictment, were committed by a member of the Child Exploitation Enterprise as detailed in Count One of the indictment;

Two: The substantive crimes of Sex Trafficking of a Child or Interstate Transportation for Purpose of Prostitution were committed during the existence or life of and in furtherance of the goals or objectives of the Child Exploitation Enterprise detailed in Count One of the indictment; and

Three: At the time that the offense detailed in Counts Two through Six of the indictment were committed, the defendant in question was a member of the Child Exploitation Enterprise detailed in Count One of the indictment.

(2 O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 31.10 (6th ed. 2008) (modified).)

**CERTIFICATE OF SERVICE**

I certify that on the 28th Day of August 2013, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/

Michael J. Frank
Assistant United States Attorney
Attorneys for the United States of America
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3982