IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:13-CR-286-GBL |
| | ) | |
| QUINTAVIS DEONTE DUMAS | ) | Trial: September 4, 2013 |
| a.k.a. "Tay," and | ) | |
| | ) | Hon. Gerald Bruce Lee |
| KOYA TIFFANY ROOKE, | ) | |
| a.k.a. "KK," | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT QUINTAVIS DUMAS' PROPOSED JURY INSTRUCTIONS**

COMES NOW the defendant, Quintavis Deonte Dumas, through counsel, and requests the Court to include in its charge to the Jury the attached jury instructions in addition to the joint proposed instructions already submitted by the parties.

The defendant reserves the right to submit such additional instructions if their necessity becomes apparent during the course of the trial.

                                                  Respectfully submitted,

                                                  QUINTAVIS DEONTE DUMAS
                                                  By Counsel

_____/s/_____
James W. Hundley, VSB # 30723
BRIGLIA HUNDLEY NUTTALL & LOPEZ, P.C.
1921 Gallows Road, Suite 750
Vienna, VA 22182
703-883-0880
703-883-0899 (fax)
jhundley@bhnklaw.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 28th day of August, 2013. I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notice of said filing (NEF) to the following:

       Michael Frank
       Assistant United States Attorney
       2100 Jamieson Avenue
       Alexandria, Virginia 22314
       703-299-3700

       *Counsel for the United States*

       John O. Iweanoge II
       THE IWEANOGES' FIRM, PC
       1026 Monroe Street, NE
       Washington, DC 20017
       Tel: (202) 347- 7026
       Fax:(202) 347- 7108

       *Counsel for Koya Tiffany Rooke*

       _____/s/_____
       James W. Hundley, VSB # 30723
       BRIGLIA HUNDLEY NUTTALL & LOPEZ, P.C.
       1921 Gallows Road, Suite 750
       Vienna, Virginia 22182
       703-883-0880
       703-883-0899 (fax)
       jhundley@bhnklaw.com

## DEFENDANT QUINTAVIS DUMAS' PROPOSED JURY INSTRUCTION 1

### Presumption of Innocence, Burden of Proof and Reasonable Doubt

I instruct you that you must presume the defendants to be innocent of the crimes charged. Thus the defendants, although accused of crimes in the indictment, begin the trial with a "clean slate" – with no evidence against them. The indictment, as you already know, is not evidence of any kind. The defendants are, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable is a doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendants have committed each and every element of the offenses charged in the indictment, you must find the defendants not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – the jury must, of course, adopt the conclusion of innocence.

Vol. 1A, O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.11 (6th ed. 2008)

# DEFENDANT QUINTAVIS DUMAS' PROPOSED JURY INSTRUCTION 2

## Codefendant's Plea Agreement

There has been testimony that codefendants have pled guilty to a charge centering on those facts set forth in the indictment. The fact that these codefendants pled guilty may not in any respect be considered against the defendants on trial, nor may any inference be drawn against them by reason of the codefendant's plea of guilty

The guilty pleas were the personal plea of those defendants and were binding only upon them. Guilt is personal. The verdict as to each of the defendants on trial before you must be considered separately with respect to them solely upon the evidence presented against each, or the lack of evidence.

Modern Federal Jury Instructions, Sand, p. 2-36.2, ¶ 2.01

# DEFENDANT QUINTAVIS DUMAS' PROPOSED JURY INSTRUCTION 3

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute him on other charges in exchange for the witness' agreement to plead guilty and testify at this trial against the defendant. The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interst in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any you find it deserves.

Modern Federal Jury Instructions, Sand, p. 7-01, ¶ 7-11.