IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal Case No. 1:13-cr-286-1 (RDA) |
| ) | |
| QUINTAVIS DEONTE DUMAS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Quintavis Deonte Dumas' ("Defendant") *pro se* Letter Motion for Early Termination of Supervised Release ("Motion"). Dkt. 165. Considering the Motion and the Government's Opposition (Dkt. 166), it is hereby ORDERED that Defendant's Motion (Dkt. 165) is DENIED for the reasons that follow.

### I. BACKGROUND

Following a two-week trial, a jury convicted Defendant of aiding and abetting the sex trafficking of a juvenile. Dkt. Nos. 21 (Indictment); 93 (Verdict). This conduct was part of a larger sex trafficking scheme involving multiple child victims. Dkt. 133 (Presentence Investigation Report) ¶ 17. Defendant transported the victims and reserved hotel rooms in which the girls engaged in commercial sex acts. *Id.* at ¶ 29. Defendant also sometimes carried a pistol in furtherance of the enterprise. *Id.* ¶ 24.

Former U.S. District Judge Gerald Bruce Lee sentenced Defendant to 120 months' imprisonment, to be followed by a supervised release term of five years, and ordered Defendant to pay $17,572.47 in restitution jointly and severally with his coconspirators. Dkt. 128 (Judgment).

Defendant completed his prison term on January 21, 2022, and his term of supervised release commenced thereafter. On May 30, 2023, Defendant filed the instant Motion requesting

that his term of supervised release be terminated early. Dkt. 165. On June 14, 2023, the Government filed an Opposition. Dkt. 166.

## II. LEGAL STANDARD

As a general matter, pursuant to 18 U.S.C. § 3583(e), this Court has the authority to terminate, extend, revoke, and modify a previously imposed term of supervised release. Defendant bears the burden of demonstrating that early termination of supervised release is warranted. *See e.g., United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006); *United States v. O'Hara*, Case No. 00-cr-170, 2011 WL 4356322 at *3 (E.D. Wis. 2011); *United States v. Dilullio*, No. CRIM. A. 08-761, 2011 WL 665623 at *2 (E.D. Pa. Feb. 23, 2011). Consistent with statutory requirements, Defendant has served more than one year of his supervision term and therefore may be considered for early termination. 18 U.S.C. § 3583(e)(1).

In determining whether early termination of supervised release is appropriate, the Court must first consider the following factors set forth in 18 U.S.C. § 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment . . . ;" (3) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;" (4) "any pertinent policy statement . . . ;" (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). Second, the Court must consider

whether early termination is "warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1). Third, the Court must consider whether early termination is in "the interest of justice." *Id.*

## III. ANALYSIS

Defendant moves this Court to terminate his remaining term of supervised release. Dkt. 165. In support of his Motion, Defendant argues that early termination is warranted here due to his full compliance with the conditions of his supervised release. *Id.* at 1. In response, the Government contends that Defendant's Motion should be denied due to the nature of Defendant's offense and the importance of maintaining supervision over sex offenders. Dkt. 166 at 1. For the following reasons, the Court finds that early termination of Defendant's supervised release is not appropriate at this juncture.

### A. The Section 3553(a) Factors

To begin with, the nature and circumstances of Defendant's offense is undoubtedly serious. Defendant transported and arranged for girls to work as prostitutes and carried a weapon in furtherance of the scheme. Given the nature of this conduct, a significant term of supervision is necessary to protect the community from recidivism. Furthermore, early termination would not provide adequate deterrence to Defendant or others. The sentencing guidelines called for a sentence of 360 months to life imprisonment. Dkt. 133 at ¶ 71. Meanwhile, the custodial sentence that Defendant received was only one-third of the low-end of that range. Terminating Defendant's term of supervision early, where the five-year term was such a vital part of his sentence, would undermine the deterrent message the Court intended to send to Defendant and other would-be criminals that engaging in similar conduct will have significant consequences. Additionally, terminating supervision early and allowing Defendant to serve only approximately two and a half years of supervision while other defendants convicted of the same offense must serve the entire

mandatory minimum term of five years' supervision would result in unwarranted sentencing disparities. Accordingly, the Court finds that the nature and circumstances of Defendant's offense, the need for deterrence, and the need to avoid sentencing disparities, strongly militate against early termination.

## B. Defendant's Conduct

With respect to Defendant's conduct, Defendant argues that the fact that he has complied with every condition of supervised release weighs in favor of early termination. Dkt. 165 at 1. In response, the Government does not dispute that Defendant has thus far complied with his terms of supervised release, but rather submits that compliance is simply the baseline of what is expected and is not, in and of itself, proper justification for early termination. Dkt. 166 at 2-3.

Courts within the Fourth Circuit have made clear that "compliance with the terms of supervised release is not itself sufficient to warrant termination." *Smith v. United States*, No. 2:16-CR-51, 2023 WL 8586680, at *7 (E.D. Va. Dec. 11, 2023). Importantly, "[e]ven model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.* (quotations and citation omitted).

Here, Defendant has simply not been arrested or convicted of any new crimes and has otherwise complied with his conditions of supervision. It bears repeating that Defendant's compliance with the full terms of supervised release was what the Court expected when imposing a sentence, and as such, this Court cannot now afford significant weight to Defendant having done what he is required to do to maintain his freedom. Additionally, while it is commendable that Defendant has been able to maintain employment and has completed a sex offender treatment program, these circumstances do not *ipso facto* justify early termination. *See United States v.*

4

*Whisnant*, No. 114CR00024MRWCM1, 2024 WL 1526135, at *3 (denying a motion for early termination where child sex offender had been free of violations, completed all required treatment, maintained gainful employment, had the support of his family, and claimed that he posed almost no risk to re-offend). Indeed, if supervision were terminated, resources that might be beneficial to Defendant (and, therefore, to the community) later on would not be available to him. *See id.* at *6 ("[Supervision] serves the critical function of connecting a defendant to resources, such as trainings and treatments, and ensures some level of monitoring that can be essential to helping a defendant avoid falling back into inappropriate behavior."). Accordingly, the Court finds that Defendant's conduct is a neutral factor.

## C. The Interest of Justice

The "interest of justice" provision of Title 18, United States Code, Section 3583(e)(1) gives "the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). In the instant case, Defendant vaguely asserts that continued supervision is unduly onerous because it interferes with his ability to secure employment, housing, and other opportunities. Dkt. 165 at 1. But Defendant's contention is devoid of any detail as to what he has been prevented from doing and by which condition of supervised release.[1] Moreover, as Defendant himself argues, *id.*, he has performed quite well on supervised release. As such, the Court finds that keeping Defendant connected to the services and treatments that have helped him make such significant progress continues to be in his best interest. Accordingly, the interest of justice does not weigh in favor of early termination.

---

[1] The Court notes that Defendant could always move the Court to modify his terms of supervised release in such a way as to be less burdensome to him.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion (Dkt. 165) is DENIED WITHOUT PREJUDICE. All conditions of Defendant's supervised release shall remain in full force and effect.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Defendant, who is proceeding *pro se*, and counsel of record for the Government.

It is SO ORDERED.

Alexandria, Virginia
September 25, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge